

PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

WILMINGTON, DE
LOS ANGELES, CA
SAN FRANCISCO, CA
NEW YORK, NY
COSTA MESA, CA

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302/652 4100**

FACSIMILE: 302/652 4400

**LOS ANGELES**

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE: 310/277 6910**

FACSIMILE: 310/201 0760

**SAN FRANCISCO**

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**

FACSIMILE: 415/263 7010

**NEW YORK**

780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212/561 7700**

FACSIMILE: 212/561 7777

**COSTA MESA**

650 TOWNE CENTER DRIVE
SUITE 1500
COSTA MESA
CALIFORNIA 92626

**TELEPHONE: 714/384 4750**

FACSIMILE: 714/384 4751

WEB: www.pszjlaw.com

Laura Davis Jones                January 5, 2021                ljones@pszjlaw.com
                                                                302.778.6401

## VIA ELECTRONIC FILING AND HAND DELIVERY

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

Re: *Northrop Grumman Ship Systems, Inc. v. Ministry of Defense of the Republic of Venezuela*, No. 1:20-mc-00257-LPS

Dear Chief Judge Stark:

We write on behalf of plaintiff and judgment creditor, Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., now known as Huntington Ingalls Incorporated ("Plaintiff"), with respect to its pending Motion for a Writ of Attachment *Fieri Facias* ("Motion"), filed on September 15, 2020.  D.I. 3.

Plaintiff provided notice of the Motion by mailing hard copies, along with the supporting memorandum and exhibits, D.I. 3–5, via certified mail to individuals representing garnishee PDV Holding, Inc. ("PDVH"), debtor Venezuela, as well as interested party Petróleos de Venezuela SA ("PDVSA").  *See* D.I. 5, ¶ 3. Specific to the garnishee in these proceedings, Plaintiff sent notice to both PDVH's registered agent, as well as its counsel in *Crystallex International Corporation v. Bolivarian Republic of Venezuela*, 1:17-mc-151 (D. Del.), Ms. Alexandra M. Cumings.  Both notices were delivered by September 24, 2020, and October 21, 2020, respectively.[1]  Plaintiffs also delivered notice to Venezuela by way of its Special Attorney general (delivered September 22, 20202); embassy (delivered September 24, 2020); counsel in the underlying confirmation proceedings in *Northrop Grumman v. Ministry of*

---

[1] Plaintiff mailed the notices immediately after filing the Motion.  The varied delivery dates may reflect the impact of the Covid-19 pandemic or the recent election on the operations of the United States Postal Service.

DOCS_DE:232352.1 61134/001



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

January 5, 2021
Page 2

*Defense, et al*, 1:02-cv-00785 (S.D. Miss.), Rodney Quinn Smith (delivered December 18, 2020);[2] and counsel in the *Crystallex* proceedings (delivered September 22, 2020).  Plaintiff also delivered notice to PDVSA, both through the Chairman of its ad-hoc Board (delivered September 22, 2020) as well as its counsel in the *Crystallex* proceedings, Mr. Samuel Taylor Hirzel, II (delivered September 29, 2020).

Giving garnishee PDVH—the essential party to this action—the benefit of the latest date on which it could have received notice (October 21, 2020), any opposition to Plaintiff's Motion was due on or before November 4, 2020, pursuant to Local Rule 7.1.2(b).  That date has long since passed.  No opposition has been filed and more than enough time has lapsed to afford the garnishee the opportunity to make even an untimely response.

The record before the Court is more than sufficient to establish that PDVSA is the alter ego of Venezuela and that, conditioned upon the favorable resolution of Plaintiff's application for the appropriate license from the United States Treasury's Office of Foreign Asset Control ("OFAC"),[3] the United States Marshals Service may attach Venezuela's shares in PDVH, held through its alter-ego PDVSA, in furtherance of satisfying Plaintiff's judgment against Venezuela.

Plaintiff therefore requests the Court grant the Motion in light of PDVH's default on the condition that OFAC grants a license for attachment prior to any attachment being effected.  Granting Plaintiff such relief would place Plaintiff on equal footing with other judgment creditors of Venezuela's before this Court. *See generally*

---

[2] Plaintiff attempted to mail copies of the Motion and its supporting papers to Mr. Smith immediately after filing the Motion by using his address registered on PACER in the underlying Southern District of Mississippi proceedings. Unfortunately, Mr. Smith had failed to update his address on PACER properly and the papers were returned as a result.  We subsequently mailed the papers again using an updated address found on Mr. Smith's firm's website.  The papers were successfully delivered on December 18, 2020.

[3] As explained in its Memorandum in Support of the Writ of Attachment, Plaintiff applied for a license authorizing the attachment of PDVH shares shortly after its filing of the Motion.  D.I. 4 at 19.  Plaintiff has yet to receive a determination from OFAC but will notify the Court as soon as it does.

DOCS_DE:232352.1 61134/001



January 5, 2021
Page 3

*Crystallex International Corporation v. Bolivarian Republic of Venezuela*, Case No. 1:17-mc-00151-LPS.

      If the Court has any questions or concerns, Plaintiff is available for a status conference at the Court's convenience.

              Respectfully submitted,

              */s/ Laura Davis Jones*

              Laura Davis Jones
              Pachulski Stang Ziehl & Jones LLP

              *Attorneys for Plaintiff*

cc: All counsel of record in 1:17-mc-00151-LPS; 1:19-mc-00290-LPS; and 1:19-cv-00290-LPS

3