<8>



**PACHULSKI STANG ZIEHL & JONES**

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

WILMINGTON, DE
LOS ANGELES, CA
SAN FRANCISCO, CA
NEW YORK, NY
COSTA MESA, CA

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302/652 4100**
FACSIMILE: 302/652 4400

LOS ANGELES
10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE: 310/277 6910**
FACSIMILE: 310/201 0760

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**
FACSIMILE: 415/263 7010

NEW YORK
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212/561 7700**
FACSIMILE: 212/561 7777

COSTA MESA
650 TOWNE CENTER DRIVE
SUITE 1500
COSTA MESA
CALIFORNIA 92626

**TELEPHONE: 714/384 4750**
FACSIMILE: 714/384 4751

WEB: www.pszjlaw.com

Laura Davis Jones         January 26, 2021         ljones@pszjlaw.com
                                                   302.778.6401

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the
District of Delaware
844 North King Street
Wilmington, Delaware 19801

**Re:** *Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of Venezuela*, **No. 1:20-mc-00257-LPS**

Dear Chief Judge Stark:

      I write pursuant to the Court's Order of January 15, 2021 (D.I. 15) requiring the parties to meet and confer and submit a joint status report. The parties have done so. Their respective positions are set out separately below.

**Position of Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., now known as Huntington Ingalls Incorporated**

      Plaintiff and judgment creditor, Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., now known as Huntington Ingalls Incorporated ("Plaintiff") appreciates the opportunity to set forth its views as to the proper course forward in this proceeding and to respond to the January 6, 2021 (D.I. 14) letter from nonparty PDV Holding, Inc. ("PDVH").

      As a preliminary matter, PDVH, in its role as the potential garnishee under Plaintiff's motion for attachment *fieri facias*, lacks standing to raise jurisdictional defects on behalf of Venezuela, including, without limitation, an alleged lack of proper service on Venezuela under the Foreign Sovereign Immunities Act ("FSIA"). PDVH further concedes that Plaintiff was not required to serve

DOCS_DE:232683.1 61134/001



January 26, 2021
Page 2

PDVH "given that PDVH is not party to this litigation."[1] To the extent that PDVH wishes to be heard by the Court, Plaintiff submits that PDVH should move to intervene.[2] Otherwise, PDVH is not a party and Plaintiff's motion for attachment remains unopposed.

That said, PDVH's arguments should fail even if it had standing to raise them.

*First*, PDVH's suggestion that attachment on the basis of a registered judgment from the United States District Court for the District of Mississippi would be improper without additional service on Venezuela pursuant to the FSIA is incorrect—and a position already rejected by the Third Circuit in the *Crystallex* litigation.

As the Court of Appeals has explained in rejecting Venezuela's argument that Crystallex could not attach property in this district without service of process under the FSIA and upholding this Court's issuance of a writ of attachment:

> The FSIA's service provisions "appl[y] only to the summons and complaint, whereas 'service of post-judgment motions is not required.'" . . . [A] district court has jurisdiction to enforce a federal judgment against a foreign sovereign when it is registered under § 1963. This is so, as noted, because the jurisdictional basis from the action resulting in the judgment carries over to the post-judgment enforcement proceeding in a manner akin to the ordinary operation of a district court's enforcement jurisdiction over post-judgment proceedings . . . In short, before the Delaware District Court and us ***is a continuation of the action in the D.C. District Court***. As the latter had jurisdiction over Venezuela. . . both Courts that follow, the Delaware District Court and our Court, also have jurisdiction.

*See Crystallex Int'l Corp. v. Bolivarian Republic of Venez. (In re Petróleos de Venezuela, S.A.)*, 932 F.3d 126, 137-138 (3d Cir. 2019) (emphases added and internal citations omitted).

---

[1] *See* PDVH Letter (D.I. 14) at 3.
[2] Plaintiff reserves the right to oppose such a motion.

2



January 26, 2021
Page 3

      The Third Circuit's reasoning in *Crystallex* controls here. Plaintiff seeks an attachment on the basis of a registered judgment from another, co-equal United States District Court. That judgment is based on litigation in which Venezuela was properly served, actively participated, and made no challenge to the Court's jurisdiction to enforce the underlying arbitration award under the FSIA.[3] It follows that Venezuela cannot make such a challenge here where it did not contest the Mississippi federal district court's jurisdiction under the FSIA. It also follows that Plaintiff's attachment of any Venezuelan property in this district will be no more than "a continuation of the action" in the Mississippi federal district court. *See Crystallex*, 932 F.3d at 138. *See also Fid. Nat'l Fin. v. Friedman*, 935 F.3d 696, 702 (9th Cir. 2019) (noting that "registration will only happen *after* full due process has been provided during the original adjudication on the merits that determined the parties' substantive rights and obligations"). In this context, requiring further service would, as the Third Circuit recognized, be incompatible with the statutory framework by which federal judgments may be freely registered and enforced throughout the U.S. judiciary.[4] *See* 28 U.S.C. § 1963 ("A judgment so

---

[3] Service on Venezuela in this case took place nearly twenty years ago in the context of Plaintiff's action to enforce Venezuela's agreement to arbitrate. Thereafter, the United States District Court for the Southern District of Mississippi retained jurisdiction to enforce any resulting award. *See Northrop Grumman Ship Sys. v. Ministry of Def. of the Republic of Venez.*, No. 1:02cv785-HSO-RHW, 2020 U.S. Dist. LEXIS 56586, *7-12 (S.D. Miss. Mar. 31, 2020) (reviewing procedural history). *See also Huntington Ingalls Inc. v. Ministry of Def. of the Bolivarian Republic of Venez.*, No. 1:18-cv-0469 (KBJ), 2019 U.S. Dist. LEXIS 99204, *12 (D.D.C. Jun. 13, 2019) (dismissing Plaintiff's action to enforce the underlying arbitration award in light of Venezuela's argument that the Southern District of Mississippi's having had "retained jurisdiction to enforce the arbitration award."). Although Venezuela is currently appealing the underlying judgment to the Fifth Circuit, *see Northrop Grumman Ship Systems v. Ministry of Defense*, No. 20-60347 (5th Cir.), it has made no challenge in that appeal to the Mississippi federal district court's jurisdiction to enforce the underlying arbitral award under the FSIA.

[4] By contrast, where Venezuela's creditors have attempted to commence a new federal action against Venezuela in this district—rather than enforce a registered judgment from another federal district court—they have sought to serve process under the FSIA. *See*, *e.g.*, *OI European Group B.V. v. Bolivarian Republic of Venezuela*, No. 1:19-cv-00290-LPS (D. Del. Jan. 15, 2020), Return of Service Executed per U.S. State Department (D.I. 35). Plaintiff has not brought any new claims against Venezuela before this Court.

DOCS_DE:232683.1 61134/001



PACHULSKI STANG ZIEHL & JONES

LAW OFFICES

January 26, 2021
Page 4

registered **shall have the same effect** as a judgment of the district court of the district where registered and may be **enforced in like manner**.") (emphasis added); *Crystallex*, 932 F.3d at 137-38.

*Second*, PDVH's suggestion that consideration of Plaintiff's motion for attachment be deferred in light of issues under consideration in the *Crystallex* and *OIEG* matters is now moot. On January 14, 2021, this Court: (*i*) denied Venezuela's motion for reconsideration based on changed circumstances as well as (*ii*) PDVH's motion to quash the Crystallex writ of attachment. *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-151-LPS, Opinion, (D. Del. Jan. 14, 2021) (D.I. 235). With respect to PDVH's remaining argument that Plaintiff must separately prove that Venezuela is the alter ego of PDVSA, Plaintiff's Memorandum of Law in Support of its motion for attachment demonstrates that PDVSA is Venezuela's alter ego under the Guaidó government. (D.I. 4). The Court's denial of another judgment creditor's motion for reconsideration of the question of whether such an alter-ego relationship may be established by collateral estoppel, *see OI European Group B.V. v. Bolivarian Republic of Venezuela*, No. 1:19-mc-00290-LPS (D. Del. Jan. 15, 2021) (D.I. 41), does not resolve Plaintiff's motion. That is because Plaintiff's motion addresses the alter ego relationship between PDVSA and head-on and without reliance on collateral estoppel arguments. *See* Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for a Write of Attachment Fieri Facias (D.I. 4) at 11-20.

*Third*, PDVH's contention that a motion to attach is not ripe until Plaintiff obtains a license from the U.S. Treasury Department's Office of Foreign Asset Control ("OFAC") is also meritless. As this Court acknowledged in the *Crystallex* matter, "there is no just reason not to advance this litigation to the furthest point that OFAC's sanctions regime permits." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-151-LPS (D. Del. Jan. 14, 2021) (D.I. 235), at 33. The Court reasoned that: (*i*) the "government has not taken the position that the Court is 'blocked from moving forward' and, in the Court's view, the time has arrived for the sales process to proceed," and (*ii*) the lack of OFAC license "does not deter the Court from progressing toward the sale because the Court has been provided no indication as to the timing of an



OFAC decision and it seems possible that OFAC is waiting to make a decision until after this Court makes further progress." *Id.*, at 33-34. The same considerations apply with respect to Plaintiff's motion to attach.

PDVH is correct that the decisive issue for Plaintiff's motion to attach is whether Venezuela and PDVSA are alter egos such that PDVSA's assets in this district may be attached in furtherance of Plaintiff's judgment against Venezuela.[5] That is why Plaintiff has set out in detail why the Court should reach precisely that conclusion in its submission in support of this Court's issuance of a writ of attachment. (D.I. 4 & 5). Where Venezuela has (*i*) litigated unsuccessfully against the entry of Plaintiff's judgment; (*ii*) has been given notice of this specific proceeding; (*iii*) is, together with PDVSA, actively litigating other matters related to attachment of the same assets before this Court; and (*iv*) has declined to make any appearance, Plaintiff submits that the appropriate course forward is for the Court to grant the attachment. If Venezuela, or its alter ego, or PDVH as garnishee wish to seek to quash the attachment at that point they may then do so.[6]

Until then, the practical reality is that Venezuela's other judgment creditors are already moving towards the auction in this jurisdiction of Venezuelan assets sufficient to satisfy both their and Plaintiff's federal judgments. Plaintiff has a federal judgment against Venezuela registered in this Court since July 31, 2020 or for nearly 6 months (D.I. 1). Venezuela's strategy of delay and failure to timely contest Plaintiff's motion to attach of its assets in this jurisdiction is no reason to keep Plaintiff from attaining at least an equal footing with Venezuela's other judgment creditors before this Court, pending OFAC's licensing determinations.

**Position of Nonparty PDVH**

PDV Holding, Inc. ("PDVH") largely rests on its January 6, 2021 letter submitted to this Court. D.I. 14. As Northrop Grumman now concedes, PDVH is not a party to this action and therefore has no obligation to respond to Northrop Grumman's motion for a writ

---

[5] *See* PDVH Letter (D.I. 14) at 4.
[6] *See* PDVH Letter (D.I. 14) at 2 ("This is precisely the procedure followed in the *Crystallex* matter.").



January 26, 2021
Page 6

of attachment. It is PDVH's understanding that PDVSA is planning to intervene in this matter shortly to defend its interests; PDVH will defer to PDVSA to address issues of service. PDVH recognizes that since its January 6 letter, the Court has ruled in the *Crystallex* and *OIEG* Asset Proceedings on the issues identified in Part III of PDVH's letter. D.I. 14 at 4-5. These rulings do not change PDVH's current status as a nonparty or the fact that, because Northrop Grumman still lacks an OFAC license, its entire motion is unripe. *See* D.I. 14 at 5-6.

      Northrop Grumman's suggestion that OFAC is immaterial misreads this Court's January 14 decision in the *Crystallex Asset Proceeding*. The Court recognized that the current sanctions regime—the one that applies to Northrop Grumman—"*does appear to block issuance of new writs of attachment on Venezuelan assets in the United States without an OFAC license.*" *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. CV 17-MC-151-LPS, 2021 WL 129803, at *8 (D. Del. Jan. 14, 2021) (emphasis added). While PDVH maintains its position that any preparatory steps in furtherance of a sale of the PDVH shares require an OFAC license, Northrop Grumman is in an entirely different position than Crystallex. It does not hold a writ of attachment, and it cannot pursue one in 2021 based on regulations that were in place in 2018. Accordingly, under the governing OFAC regulations, Northrop Grumman's motion for a writ of attachment cannot be granted without an OFAC license and is unripe. *See id.* at *8.

DOCS_DE:232683.1 61134/001



January 26, 2021
Page 7

        Respectfully submitted,

        */s/ Laura Davis Jones*

        Laura Davis Jones
        Pachulski Stang Ziehl & Jones LLP

        *Attorneys for Plaintiff*

cc: All counsel of record (via CM/ECF)