IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORTHROP GRUMMAN SHIP SYSTEMS, INC., <br><br> Plaintiff., <br><br> v. <br><br> THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA, <br><br> Defendant. | C.A. No. 1:20-mc-00257-LPS |

**MOTION FOR ORDER ON SCOPE OF CROSS-EXAMINATION**

Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated ("Plaintiff" or "Huntington Ingalls"), hereby respectfully moves for an order confirming that it may cross-examine Mr. Horacio Francisco Medina Herrera (Mr. Medina) with respect to documents impeaching his testimony as to the nature of the relationship between Petróleos de Venezuela, S.A. ("PDVSA") and the Bolivarian Republic of Venezuela ("Venezuela") during the hearing scheduled for April 30, 2021 ("the Hearing").

Counsel for PDVSA have indicated that they will object to Huntington Ingalls questioning Mr. Medina about documents not explicitly referenced in his declaration, and in particular regarding PDVSA's Memorandum of Law in Support of its Motion for Summary Judgment *in Petróleos De Venezuela S.A. et al v. MUFG Union Bank, N.A. et al*, No. 1:19-cv-10023 (S.D.N.Y. June 15, 2020) (ECF No. 27-16).

Under Federal Rule of Evidence 611(b), Huntington Ingalls is entitled to cross-examine Mr. Medina about both the subject of his declaration and matters going to his credibility. The Court also has ample discretion to allow wider examination.

1

Further, while it is true that PDVSA's *MUFG* briefing is not explicitly referenced in Mr. Medina's Declaration, Huntington Ingalls submits that it is essential to cross-examine Mr. Medina about this document because doing so will show PDVSA contemporaneously adopting a position about the nature of its relationship with the Venezuelan State contradictory to that given in Mr. Medina's sworn Declaration.  *See*, *e.g.*, ECF No. 27-16 at 31 (describing PDVSA's "constitutionally-prescribed role") and n. 84 (characterizing PDVSA as an undisputed "part of the National Public Administration of the Venezuelan Republic").

To the extent that PDVSA is likely to make similar objections to cross-examination of Mr. Medina with respect to other documents which would tend to impeach his testimony, but which are not explicitly referenced in his declaration, Huntington Ingalls submits that a ruling from the Court as to the scope of cross-examination in this regard will assist the parties in efficiently using the limited time available at the Hearing.

DATED: April 29, 2021

Respectfully submitted:

OF COUNSEL:
Alexander A. Yanos *pro hac vice*
Carlos Ramos-Mrosovsky *pro hac vice*
Rajat Ranna *pro hac vice*
Robert Poole *pro hac vice*
ALSTON & BIRD, LLP
90 Park Avenue, 15th Floor
New York, NY 10016-1387
212-210-9400
alex.yanos@alston.com
carlos.ramos-mrosovsky@alston.com
rajat.rana@alston.com
robert.poole@alston.com

/s/ Peter J. Keane_____
Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, Suite 1700
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
ljones@pszjlaw.com
pkeane@pszjlaw.com

*Attorneys for Plaintiff Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc*