# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OI EUROPEAN GROUP B.V., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 19-290-LPS |
| PHILLIPS PETROLEUM COMPANY VENEZUELA LIMITED and CONOCOPHILLIPS PETROZUATA B.V., <br><br> Plaintiffs <br><br> v. <br><br> PETRÓLEOS DE VENEZUELA, S.A., CORPOGUANIPA, S.A. and PDVSA PETRÓLEO, S.A., <br><br> Defendants. | Misc. No. 19-342-LPS |
| NORTHROP GRUMMAN SHIP SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 20-257-LPS |
| ACL1 INVESTMENTS LTD., ACL2 INVESTMENTS LTD., and LDO (CAYMAN) XVIII LTD., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 21-46-LPS |

## ORDER

At Wilmington, this **2nd** day of **March, 2022**, consistent with and for the reasons stated in the Opinion issued this same date,

**IT IS HEREBY ORDERED** that, under 28 U.S.C. § 1610(c), a reasonable period of time has elapsed following the entry of judgment in favor of Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. (together, "ConocoPhillips").

**IT IS FURTHER ORDERED** that, under 28 U.S.C. § 1610(c), a reasonable period of time has elapsed following the entry of judgment in favor of Northrop Grumman Ship Systems, Inc., formerly known as Ingalls Shipbuilding, Inc. and now known as Huntington Ingalls Incorporated ("Huntington Ingalls").

**IT IS FURTHER ORDERED** that, under 28 U.S.C. § 1610(c), a reasonable period of time has elapsed following the entry of judgment in favor of ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd. (collectively, "ACL").

**IT IS FURTHER ORDERED** that ConocoPhillips' Motion for an Order Authorizing the Issuance of a Writ of *Fieri Facias* (Misc. No. 19-342 D.I. 2) is **GRANTED IN PART**. Upon the Court's receipt of evidence that the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") has either (i) authorized the issuance and service of a writ of attachment or (ii) removed the sanctions under which the PDVH Shares are currently blocked property, then the Clerk of this Court is authorized to affix its original signature and seal on ConocoPhillips' writ of attachment *fieri facias*. The Clerk of Court is directed *not* to issue or serve the writ of attachment until further order of the Court.

**IT IS FURTHER ORDERED** that PDVSA's motion to strike the Declaration of John E. Smith (Misc. No. 19-290 D.I. 99) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the parties shall meet and confer and, no later than **March 9, 2022**, submit a joint status report. In the joint status report, the parties shall provide their position(s) on: (i) whether the Court should certify interlocutory appeals on the OFAC issues in these cases, (ii) whether the Court should resolve any of the pending motions in any of these cases (on the merits, as moot, without prejudice to renew, or for or on any other grounds), including whether the Court should deny OI European Group B.V.'s, Huntington Ingalls', and ACL's attachment motions without prejudice to renew, and (iii) any other issues that the parties wish to raise in light of the Court's Opinion in these cases and its concurrent Opinion in *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, Misc. No. 17-151 D.I. 443 (D. Del. Mar. 2, 2022).

_____
UNITED STATES DISTRICT JUDGE