# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**Alexander A. Yanos**　　　　　　　　Direct Dial: **212-210-9584**　　　　　　　　Email: **alex.yanos@alston.com**

May 4, 2022

**VIA CM/ECF**
The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

　　　　　Re: *Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of Venezuela*, 1:20-mc-00257-LPS

Dear Judge Stark:

I write on behalf of Plaintiff Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated ("Huntington Ingalls"), in response to Petróleos de Venezuela, S.A.'s ("PDVSA") April 28, 2022, letter submitting supplemental authority. *See* D.I. 61. In short, the Supreme Court's recent decision in *Cassirer v. Thyssen-Bornemisza Collection Foundation*, No. 20-1566, 2022 U.S. LEXIS 2097 (Apr. 21, 2022), is irrelevant to the instant attachment proceedings before the Court.

*Cassirer* addresses a narrow issue: what choice of law rule applies to cases featuring state law claims to be adjudicated against a foreign state or instrumentality. The Supreme Court held that the federal court must apply the forum state's choice of law analysis to determine what state's substantive law governs—just as it would a private party. In doing so, the Supreme Court cited Section 1606 of the Foreign Sovereigns Immunity Act, which states that, "[as] to any claim for relief with respect to which a foreign state is not entitled to immunity under [the FSIA], the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances." *Cassirer*, 2022 U.S. LEXIS 2097, at *11 (quoting 28 U. S. C. § 1606). The Supreme Court's decision is uncontroversial. "Courts outside the Ninth Circuit have long applied state choice-of-law rules in FSIA suits." *Id.* at *16.

PDVSA takes this language out of context to argue (once again) that Delaware law governs the Court's alter ego analysis in this case. But, as we have already set out in prior briefs (D.I. 37 at 8–9), the Supreme Court has already foreclosed this avenue in *First Natational City Bank v. Banco Para El Comercio Exterior De Cuba*, 462 U.S. 611 (1983) ("*Bancec*"). Again, as set out in our prior briefs, the Supreme Court applied federal common law in *Bancec* to assess whether a foreign entity was the alter ego of a foreign state. In a footnote

Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of Venezuela, 1:20-mc-00257-LPS
May 4, 2022
Page 2

of that decision, the Supreme Court recognized Section 1606's scope: "where state law provides a rule of liability governing private individuals, the FSIA requires the application of that rule to foreign states in like circumstances." *Bancec*, 462 U.S. at 622 n. 11 (emphasis added). Nonetheless, the Court properly noted that Section 1606 "is silent . . . concerning the rule governing the ***attribution of liability among entities of a foreign state***." *Id*. (emphasis added).

*Bancec*'s holding is logical. Federal common law must govern in such a situation as "matters bearing on the Nation's foreign relations 'should not be left to divergent and perhaps parochial state interpretations.'" *Id.* (quoting *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 425 (1964)). This fits Congress's intent behind enacting the FSIA as it "acknowledged 'the importance of developing a uniform body of law' concerning the amenability of a foreign sovereign to suit in United States courts." *Id.* (quoting H. R. Rep. No. 94-1487, p. 32 (1976)). Indeed, *Cassirer* confirms the Supreme Court's established precedent by citing the exact same footnote of *Bancec* when defining Section 1606. *See Cassirer*, 2022 U.S. LEXIS 2097, at 11 ("So when a foreign state is not immune from suit, it is subject to the same rules of liability as a private party. Which is just to say that the substantive law applying to the latter also applies to the former.") (citing *Bancec*, 462 U.S. at 622, n. 11).

As also noted in our prior submissions (D.I. 37 at 8–9), this Court addressed the question of applying Delaware law to the alter ego analysis in the *Crystallex* attachment proceedings. *See Crystallex Int'l Corp. v. Bolivarian Rep. of Venez.*, 333 F. Supp. 3d 380, 396 n.13 (D. Del. 2018) (holding that "it is federal law, not state law, that applies," to the alter ego analysis); *id.* at 396 ("[T]o determine whether Crystallex has rebutted the strong presumption of separateness between PDVSA and Venezuela, the Court applies standards developed pursuant to federal common law.") (citing *Bancec*, 462 U.S. at 623.); *see also Crystallex Int'l Corp. v. Bolivarian Rep. of Venez.*, No. 17-mc-151-LPS, 2021 U.S. Dist. LEXIS 7793, at *29 n.7 (D. Del. Jan. 14, 2021) (reiterating that the Court considered Delaware state law cases and found them "'unpersuasive' and 'unhelpful.'"). Thus, the Court has already abided by the *Bancec* and used federal common law to determine that PDVSA was the alter ego of Venezuela. *Crystallex Int'l Corp.*, 333 F. Supp. 3d at 414 ("[T]he Court finds that Crystallex has rebutted the presumption of separateness and has shown that PDVSA may be deemed the alter ego of Venezuela pursuant to the exclusive control prong of *Bancec* and its progeny"). The *Crystallex* decision is as correct today as it was in 2018. As Huntington Ingalls wrote in its reply brief in support of the pending amended motion to attach, Federal Rule of Civil Procedure 69(a) only applies state law to the "***procedure*** on execution." D.I. 37 at 9 n. 7. Federal common law governs the alter ego issue here. *Id.* (citing *Bancec*, 462 U.S. at 622–23). As a result, the Court should disregard PDVSA's letter.

Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of Venezuela, 1:20-mc-00257-LPS
May 4, 2022
Page 3

Sincerely,

*/s/ Alexander A. Yanos*

Alexander A. Yanos
AAY:rhp