# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**Alexander A. Yanos**　　　　　　　Direct Dial: **212-210-9584**　　　　　　　Email: **alex.yanos@alston.com**

July 29, 2022

**VIA CM/ECF**
The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

>　　Re: *Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of Venezuela*, 1:20-mc-00257-LPS

Dear Judge Stark:

On behalf of Plaintiff Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated ("Huntington Ingalls"), and in the wake of the Third Circuit's decision to deny the petitions for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) submitted by both Huntington Ingalls and PDVSA, we write to request that this Court grant the pending motion submitted by Huntington Ingalls seeking a conditional writ of attachment.

The Third Circuit did not explain its decision. What is clear, however, is that the parties to this and the several related matters before the Court require clarity on the law applicable to their efforts to collect on massive judgment debts that have remained unpaid for decades. The best path toward providing the parties with that clarity and allowing all of the litigants to then take their disputes to the Third Circuit is for the Court to grant Huntington Ingalls its petition for a conditional writ of attachment and, in so doing, resolve definitively the question of the pertinent time for determining whether Venezuela and PDVSA are alter egos.

The Court previously posited that the pertinent time for analyzing alter ego relationships is "the period between the filing of the motion seeking a writ of attachment and the subsequent issuance and service of that writ" without defining what facts should be used as the basis for that decision. Practically speaking, there are only two[1] possible dates that the Court could look to make its alter ego analysis:

---

[1] The Court has already rejected the only other potential option – the date that the Court issues a writ of attachment. *Crystallex Int'l Corp. v. Bolivarian Rep. of Venez.*, No. 17-mc-151-LPS, 2021 U.S. Dist. LEXIS 7793, at *18 (D. Del. Jan. 14, 2021). See also D.I.

Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of Venezuela, 1:20-mc-00257-LPS
July 29, 2022
Page 2

    *(i)*    the date of filing a writ of attachment; or

    *(ii)*    the date that principal debtor incurred the debt in question.

The facts pertinent to the moment the debt arose are the only pertinent facts since any other set of facts results in endless gamesmanship as the debtors attempt to come up with one more change to their legal relationship that will allow them to avoid their judgment debts. As set forth in the attached petition to the Third Circuit on the subject of the pertinent date, (**Attachment A**), this approach is also the most consistent with the Supreme Court's jurisprudence. In this case, the logic of that approach is clear: if on the date the debt was incurred by Venezuela to Huntington Ingalls, Venezuela and PDVSA were alter egos, then Venezuela's debt, on that date, was PDVSA's debt. Why should a debt of PDVSA to a third party like Huntington Ingalls be extinguished simply because Venezuela and PDVSA made some (superficial) changes to the structure of their relationship after the fact?

Based on the same reason, the last possible set of pertinent facts are the facts applicable on the date of the filing of the application for the writ. As established at the hearing in March 2021, even if the Court were to use the facts applicable on the date of the application for a writ of attachment, the writ should issue in favor of Huntington Ingalls. Either way, the Court should grant Huntington Ingalls's motion.

Should the Court require further briefing or argument on this topic, we would be happy to attend a status conference to establish a mutually convenient schedule.

Sincerely,

*/s/ Alexander A. Yanos*

Alexander A. Yanos

---

58 at 12–18 ("no OFAC license is required before [the Court] may issue findings of fact regarding whether PDVSA is the Republic's alter ego," since the alter ego finding "simply recognizes the true state of affairs.") (quoting Misc. No. 19-290 D.I. 102 at 2 n. 3).