

**HEYMAN ENERIO GATTUSO & HIRZEL LLP**

PRACTICING THE ART OF LAW

300 Delaware Avenue • Suite 200 • Wilmington, Delaware 19801
Tel: (302) 472.7300 • Fax: (302) 472.7320 • www.hegh.law

Direct Dial:  (302) 472-7315
Email:  shirzel@hegh.law

March 15, 2023

**VIA ECF**
The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

> Re: *OI European Group B.V. v. Bolivarian Republic of Venezuela*,
> **No. 19-mc-0290;**
> *Northrop Grumman Ship Sys. Inc. v. Ministry of Def. of Republic of Venezuela*,
> **No. 20-mc-0257;**
> *ACL1 Investments, Ltd., et al. v. Bolivarian Republic of Venezuela*,
> **No. 21-mc-0046;**
> *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*,
> **No. 21-mc-0481**

Dear Judge Stark:

Counsel for Petróleos de Venezuela, S.A. (PDVSA) writes to advise the Court of a new authority pursuant to Local Rule 7.1.2(b).

In a decision issued earlier this week, the U.S. Court of Appeals for the Eleventh Circuit held that a U.S. court cannot recognize the illegitimate Maduro regime as acting or speaking for PDVSA, without running afoul of the political question and act of state doctrines. *PDVSA United States Litig. Tr. v. Lukoil Pan Ams. LLC*, No. 22-10675, 2023 U.S. App. LEXIS 5950 (11th Cir. Mar. 13, 2023). There, an entity purporting to be "PDVSA," but which was represented by a board appointed by the Maduro regime, attempted to assert PDVSA's interests in the United States, arguing that the identity of the board of directors was irrelevant. *Id*. at *16. The Eleventh Circuit rejected that argument, reasoning that a company can only act and speak through its duly appointed board members, and that the actions of the Maduro regime and its purported board could not be recognized by a U.S. court. *Id*. at *17.

That ruling is consistent with the arguments made by PDVSA in the above-referenced proceedings that, under the political question and act of state doctrines, the acts of the Maduro regime and its agents cannot be considered at all, let alone attributed to the Republic or PDVSA, in an analysis about whether PDVSA (as governed by the *ad hoc* Board) is the alter ego of the Republic for purposes of determining rights in property located in the United States.



The Honorable Leonard P. Stark
March 15, 2023
Page  2

      Indeed, the Eleventh Circuit's decision follows directly from the same line of cases cited by PDVSA in these proceedings, including Oetjen v. Cent. Leather Co., 246 U.S. 297 (1918), and Zivotofsky v. Kerry, 576 U.S. 1 (2015), as well as cases like United States v. Pink, 315 U.S. 203 (1942), and The Maret, 145 F.2d 431 (3d Cir. 1944).

      Respectfully submitted,

*/s/ Samuel T. Hirzel*

Samuel T. Hirzel (# 4415)

STH/cmw
cc:    All Counsel of Record (via ECF)