# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OI EUROPEAN GROUP B.V., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 19-mc-290-LPS |
| NORTHROP GRUMMAN SHIP SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 20-mc-257-LPS |
| ACL1 INVESTMENTS LTD., ACL2 INVESTMENTS LTD., and LDO (CAYMAN) XVIII LTD., <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 21-mc-46-LPS |
| RUSORO MINING LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 21-mc-481-LPS |

| | |
|---|---|
| KOCH MINERALS SÀRL, KOCH NITROGEN INTERNATIONAL SÀRL,<br><br>        Plaintiffs,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>        Defendant. | Case No. 22-mc-156-LPS |
| GOLD RESERVE INC.,<br><br>        Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>        Defendant. | Case No. 22-mc-453-LPS |

**JOINT MARCH 28, 2023 STATUS REPORT**

Pursuant to this Court's March 23, 2023 order (the "Order"), (1:19-mc-00290, D.I. 132; 1:20-mc-00257, D.I. 79; 1:21-mc-00046, D.I. 57; 1:21-mc-00481, D.I. 44; 1:22-mc-156, D.I. 17 and 1:22-mc-00453; D.I. 22), directing the parties to file a joint status report by March 28, 2023, Plaintiffs (i) OI European Group B.V. ("OIEG"), (ii) Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated ("Huntington Ingalls"), (iii) ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd. (collectively, "ACL"), (iv) Rusoro Mining Limited ("Rusoro"), (v) Koch Minerals Sàrl and Koch Nitrogen International Sàrl (collectively, "Koch"), and (vi) Gold Reserve Inc. ("Gold Reserve"), and Defendants/Intervenors (as applicable) (i) Petróleos de Venezuela, S.A. ("PDVSA") and (ii) Bolivarian Republic of Venezuela (the "Republic," or "Venezuela") submit this joint status report addressing the next steps the Court should take in these proceedings in view of the Court's opinion

2

and order entered on March 23, 2023 (the "March 23 Order") in the *OIEG*, *Huntington Ingalls*, *Rusoro* and *ACL* cases (the "Decided Cases").

### A. OIEG's Position

On March 23, 2023, this Court entered its Opinion and Order granting OIEG's motion "for an order authorizing the issuance of a writ of attachment *fieri facias*," and authorizing the Clerk of this Court to "affix its original signature and seal on [OIEG's] writ[ ] of attachment *fieri facias*," with issuance deferred until "the Court has received evidence that the Office of Foreign Assets Control has authorized the issuance and service of such writ or removed the prohibition and sanctions currently in place that prevent the issuance and service of such a writ, or until some further order with different instructions issues from this Court."  1:19-mc-00290, D.I. 132.

OIEG's position is that its judgment, registered in Delaware and now the subject of a conditional writ of attachment against the PDVH shares, should be added as and/or deemed to be an "Additional Judgment" pursuant to the *Sixth Revised Proposed Order (A) Establishing Sale and Bidding Procedures, (B) Approving Special Master's Report and Recommendation Regarding Proposed Sale Procedures Order, (C) Affirming Retention of Evercore as Investment Banker by Special Master and (D) Regarding Related Matters* (the "Sale Procedures Order"), entered in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 1:17-mc-151-LPS (D. Del. Oct. 11, 2022), D.I. 481.  With the Launch Date (as defined in the Sale Procedures Order) potentially being triggered in the near future, it will become vital for it to be known which "additional judgments . . . are to be considered by the Special Master for purposes of the Sale Transaction."  *See* Sale Procedures Order at 25.  The Sale Procedures Order provides that the determination of Additional Judgments is a matter left to the discretion of the Court, and there is nothing in the Sale Procedures Order that prohibits the inclusion of judgments that are subject to a *conditional* writ of attachment rather than an issued and served attachment.  *See* Sale Procedures Order at 25 ("the Court will

decide in accordance with applicable law which, if any, additional judgments (the '**Additional Judgments**' and with the Crystallex Judgment, the '**Attached Judgments**') are to be considered by the Special Master for purposes of the Sale Transaction. . . .  [F]ollowing the Additional Judgment Deadline, the Special Master shall implement the Sale Procedures, based on the Attached Judgments as of the Additional Judgment Deadline.  For purposes of implementing this Order, the Special Master shall only consider judgments that are determined to be Attached Judgments by the Court by the Additional Judgment Deadline.").  Should the Court find briefing from the parties helpful in any "Additional Judgment" determination, OIEG respectfully requests that a briefing schedule be set – however, OIEG's position is that there is no procedural bar (and no need for additional briefing) for OIEG to be added as and/or deemed an "Additional Judgment Creditor" with an "Additional Judgment" under the Sale Procedures Order.

### B.  Huntington Ingalls' Position

Huntington Ingalls agrees with and joins OIEG's position stated above.  Specifically, since the Court's March 23, 2023, Opinion and Order granted Huntington Ingalls's motion for a conditional writ of attachment, 20-mc-257, D.I. 25, 54-1, the Court should add and/or deem Huntington Ingalls an "Additional Judgment Creditor" with an "Additional Judgment" as the terms are defined in the Sale Procedures Order in the parallel *Crystallex* proceedings.  The Court may do so because the Sale Procedures Order provides that the determination of Additional Judgments is a matter left to the discretion of the Court, and there is nothing in the Sale Procedures Order that prohibits the inclusion of judgments that are subject to a *conditional* writ of attachment rather than an issued and served attachment.  *See* Sale Procedures Order at 25 ("the Court will decide in accordance with applicable law which, if any, additional judgments (the '**Additional Judgments**' and with the Crystallex Judgment, the '**Attached Judgments**') are to be considered by the Special Master for purposes of the Sale Transaction. . . .  [F]ollowing the Additional Judgment Deadline,

4

the Special Master shall implement the Sale Procedures, based on the Attached Judgments as of the Additional Judgment Deadline.  For purposes of implementing this Order, the Special Master shall only consider judgments that are determined to be Attached Judgments by the Court by the Additional Judgment Deadline.").  Should the Court find briefing from the parties helpful in any "Additional Judgment" determination, Huntington Ingalls respectfully requests that a briefing schedule be set – however, Huntington Ingalls's position is that there is no procedural bar (and no need for additional briefing) for Huntington Ingalls to be added as and/or deemed an "Additional Judgment Creditor" with an "Additional Judgment" under the Sale Procedures Order.

### C. ACL's Position

In ACL's view, no further proceedings in ACL's case are warranted at this time.  ACL expects to respond to any motion that PDVSA makes with respect to its anticipated appeal.  In addition, ACL respectfully requests that it be able to submit briefing, should the Court determine that such briefing is merited at this time, on whether ACL's judgment should be made an "Additional Judgment" within the meaning of the *Crystallex* Sale Procedures Order.

### D. Rusoro's Position

Rusoro adopts the position expressed by OIEG, and similarly submits that Rusoro's judgment, which is registered in Delaware and which is now the subject of a conditional writ of attachment against the PDVH shares, should be added as and/or deemed to be an "Additional Judgment" pursuant to this Court's Sale Procedures Order in *Crystallex* (1:17-mc-151-LPS, D.I. 481).  Rusoro further notes its agreement with OIEG that there is no procedural bar, nor is there any need for additional briefing, for Rusoro to be added as and/or deemed to be an "Additional Judgment Creditor" with an "Additional Judgment" under the Sale Procedures Order.

    **E.  <u>Koch's Position</u>**

On October 7, 2022, Koch filed its pending Motion for a Conditional Writ of Attachment Fieri Facias.  22-mc-156, D.I. 2.  After intervening in the matter, PDVSA and Koch stipulated on October 28, 2022, to hold Koch's motion in abeyance pending the Court's resolution of similar motions for conditional writs of attachment filed in the parallel attachment proceedings.  22-mc-156, D.I. 15.  The Court's March 23, 2023, Opinion and Order resolved the other parties' similar motions for conditional writs of attachment in favor of the judgment-creditors and against PDVSA and Venezuela.  Since the Court issued its order, Koch has received a draft joint proposed order from PDVSA that is substantially similar to the proposed order that PDVSA will submit in the *Gold Reserve* case.  The parties are in the process of finalizing that draft joint order.  As such, Koch agrees with PDVSA's proposal that, within 7-days of this report, the parties in *Koch* shall submit either a joint proposed order or a joint status report setting forth the parties' positions on how the Court should proceed in the event the parties cannot agree on a proposed order.

In the event that the parties agree to a joint proposed order stipulating to the Court granting Koch's pending motion to attach, Koch agrees with OIEG and Huntington Ingalls that the Court should thereafter consider Koch an "Additional Judgment Creditor" with an "Additional Judgment" as the terms are defined in the Sale Procedures Order in the parallel *Crystallex* proceedings.  The Court may do so because the Sale Procedures Order provides that the determination of Additional Judgments is a matter left to the discretion of the Court, and there is nothing in the Sale Procedures Order that prohibits the inclusion of judgments that are subject to a *conditional* writ of attachment rather than an issued and served attachment.  *See* Sale Procedures Order at 25 ("the Court will decide in accordance with applicable law which, if any, additional judgments (the '**Additional Judgments**' and with the Crystallex Judgment, the '**Attached Judgments**') are to be considered by the Special Master for purposes of the Sale Transaction. . . .

[F]ollowing the Additional Judgment Deadline, the Special Master shall implement the Sale Procedures, based on the Attached Judgments as of the Additional Judgment Deadline. For purposes of implementing this Order, the Special Master shall only consider judgments that are determined to be Attached Judgments by the Court by the Additional Judgment Deadline."). Should the Court find briefing from the parties helpful in any "Additional Judgment" determination, Koch respectfully requests that a briefing schedule be set – however, Koch's position is that there is no procedural bar (and no need for additional briefing) for Koch to be added as and/or deemed an "Additional Judgment Creditor" with an "Additional Judgment" under the Sale Procedures Order after the Court grants its pending conditional motion.

    **F.  Gold Reserve's Position**

Gold Reserve's position is that the Court should forthwith grant the attached proposed order that has been agreed to, and is jointly submitted by, PDVSA. The proposed order, as the Court will recall, implements the terms of the Court's January 30, 2023 Order in *Gold Reserve Inc. v. Bolivarian Republic of Venezuela* (D.I. 20), which provides in pertinent part that, per the stipulation of the parties, the resolution of Gold Reserve's pending motion for writ of conditional attachment *fieri facias* is governed by the Court's ruling on the similar motions filed by OIEG, Huntington Ingalls, ACL and Rusoro in the "Other Creditor Actions":

> [T]his Court's rulings on the pending attachment motions in the Other Creditor Actions shall be binding on the parties in the above-captioned action, subject to the parties' rights to appeal and paragraph 4 below, such that Gold Reserve's Motion shall be granted to the extent the Court grants the pending attachment motions in the Other Creditor Actions and that Gold Reserve's Motion for a Conditional Writ shall be denied to the extent the Court denies the pending attachment motions in the Other Creditor Actions, and that the parties shall jointly submit an implementing order within 7 days of the last decision entered by the Court in the Other Creditor Actions, whether or not an appeal is taken.

(D.I. 20). With the Court having now in its March 23, 2023 Order conditionally granted the motions in the Other Creditor Actions, Gold Reserve's pending motion must also be granted.

Thereafter, Gold Reserve will be in position to have its judgment added as and/or deemed to be an "Additional Judgment" pursuant to the existing Sale Procedures Order.

### G. PDVSA's Position

The Decided Cases:   PDVSA intends to file timely notices of appeal of the Court's March 23, 2023 opinion and order entered in the Decided Cases (the "March 23 Order").  The March 23 Order is immediately appealable under the collateral order doctrine because it denied PDVSA's cross-motions to dismiss for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA").  *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126, 136 (3d Cir. 2019).  Once PDVSA files its notices of appeal in the Decided Cases, this Court will be divested of jurisdiction to take any further action in the Decided Cases until the Third Circuit rules on PDVSA's appeals, including by treating any judgments in the Decided Cases as Additional Judgments under the Sales Procedures Order entered in the *Crystallex* case.  *See, e.g., Princz v. Fed. Republic of Germany*, 998 F.2d 1, 1 (D.C. Cir. 1993) (per curiam); *see also Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982).  In fact, the divestiture and collateral order doctrines take on particular importance where, as here, the appeal relates to the denial of foreign sovereign immunity.  "FSIA immunity is immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000); *see Process & Indus. Devel. Ltd. v. Federal Republic of Nigeria*, 962 F.3d 576, 581, 584 (D.C. Cir. 2020)*Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.,* 137 S. Ct. 1312, 1317 (2017).  Accordingly, moving forward with the Decided Cases during the pendency of PDVSA's appeal would itself infringe on PDVSA's presumptive immunity and deny PDVSA the benefits to which it is entitled under the FSIA.  *See United States v. Moats,* 961 F.2d 1198, 1201 (5th Cir. 1992).  If the Court finds that it can retain jurisdiction over the Decided Cases during the pendency of PDVSA's

appeal, PDVSA believes that the Court should stay proceedings pending the Third Circuit's rulings in the Decided Cases before making any further decisions or taking any other actions. PDVSA will be prepared to move for a stay if the Court decides that it can retain jurisdiction.

If the Court decides to move forward, it should deny the plaintiffs' novel and unsupported requests in the Decided Cases to add their judgments as Additional Judgments under the Sales Procedures Order despite having no perfected attachments of, or any other interest in, the PDVH shares under Delaware law and no specific licenses from OFAC. No other judgment creditors of PDVSA or the Republic have been granted such relief, and the plaintiffs in the Decided Cases are not entitled to such relief. The Sales Procedures Order clearly contemplates that only judgments secured by an attachment of the PDVH shares would qualify as Additional Judgments. The Sales Procedures Order places such Additional Judgments on par with the Crystallex Judgment and defines such Additional Judgments together with the Crystallex Judgement as "Attached Judgments." *See* Sales Procedures Order ¶ 30. Furthermore, the Sales Procedures Order states that Additional Judgments can only be added to the sales process "in accordance with applicable law," and Delaware law requires a party to attach property before moving forward with the process of selling that property. 8 Del. C. § 324(a); 6 Del. C. § 8-112(a). None of the plaintiffs in the Decided Cases have attachments of the PDVH shares and do not have specific licenses from OFAC authorizing such attachments. In fact, each of the plaintiffs in the Decided Cases admitted that the OFAC sanctions prohibit the issuance of a writ of attachment. *See OIEG*, 19-mc-290 [D.I. 102 at 2]; *ACL*, 21-mc-0046 [D.I. 3 at 17]; *Huntington Ingalls*, 20-mc-257 [D.I. 54-1 at 1-2]; *Rusoro,* 21-mc-481 [D.I. 4-1 at 36]. Accordingly, because the judgments in the Decided Cases are not secured by attachments on the PDVH shares, those judgments cannot be added as Additional Judgments – and thus be treated as Attached Judgments – under the Sales Procedures Order.

Moreover, adding the judgments in the Decided Cases as Additional Judgments under the Sales Procedures Order would violate the OFAC sanctions regime, which prohibits anyone from obtaining any future or contingent interest in the PDVH shares. *See* E.O. 13850; 31 C.F.R. §§ 591.309-10, 591.407; OFAC FAQ No. 808. Adding the judgments in the Decided Cases as Additional Judgments under the Sales Procedures Order, even without an actual attachment of the PDVH shares, would constitute the prohibited "enforcement of any … judgment … through execution, garnishment, *or other judicial process* purporting to transfer *or otherwise alter or affect* [blocked] property or interests in property" and would be tantamount to treating the shares as if they had been attached by these creditors. Nevertheless, if the Court is inclined to entertain the plaintiffs' requests to add their judgments as Additional Judgments, this Court should order further briefing on this issue before adding any Additional Judgments.

Gold Reserve:  Pursuant to the stipulated order entered by this Court, the parties in the *Gold Reserve* case have conferred on a proposed order implementing the March 23 Order and have appended a proposed implementing order with this joint status report. *See Gold Reserve,* 22-mc-453 [D.I. 21] (Jan. 30, 2023). PDVSA intends to appeal the implementing order to be entered in the *Gold Reserve* case. For the reasons stated above, Gold Reserve's judgment should not be added as an Additional Judgment under the Sales Procedure Order and the Court should not take any further actions in the *Gold Reserve* case pending the Third Circuit's resolution of PDVSA's appeal.

Koch:  PDVSA has informed Koch that it is willing to submit a joint proposed order that is substantially similar to the proposed order that PDVSA will submit in the *Gold Reserve* case. PDVSA proposes that, within 7-days of this report, the parties in *Koch* shall submit either a joint proposed order or a joint status report setting forth the parties' positions on how the Court should proceed in the event the parties cannot agree on a proposed order. If the parties submit a joint

proposed order implementing the March 23 Order, PDVSA intends to appeal that order. For the reasons stated above, Koch's judgment should not be added as an Additional Judgment under the Sales Procedure Order and the Court should not take any further actions in the *Koch* case pending the Third Circuit's resolution of PDVSA's appeal.

### H. Republic's Position

The Republic concurs with the position expressed by PDVSA.[1]

\*   \*   \*

The parties are available at the Court's convenience should Your Honor have any questions.

Dated: March 28, 2023                                                  Respectfully Submitted,

| HEYMAN ENERIO GATTUSO & HIRZEL LLP<br><br>By: */s/ Samuel T. Hirzel*<br>Samuel T. Hirzel (#4415)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>Telephone: 302-472-7300<br>SHirzel@hegh.law<br><br><br>CURTIS, MALLET-PREVOST, COLT & MOSLE LLP<br>Joseph D. Pizzurro<br>Kevin A. Meehan<br>Juan O. Perla<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: 212-696-6000<br>jpizzurro@curtis.com<br>kmeehan@curtis.com<br>jperla@curtis.com | MORGAN, LEWIS & BOCKIUS LLP<br><br>By: */s/ Jody C. Barillare*<br>Jody C. Barillare (#5107)<br>1201 N. Market St., Suite 2201<br>Wilmington, DE 19801<br>Telephone: 302-574-3000<br>Facsimile: 302-574-3001<br>jody.barillare@morganlewis.com<br><br> - and -<br><br>Jonathan Albano (*pro hac vice*)<br>Christopher L. Carter (*pro hac vice*)<br>One Federal Street<br>Boston MA 02110<br>Telephone: 617-341-7700<br>Facsimile: 617-341-7701<br>jonathan.albano@morganlewis.com<br>christopher.carter@morganlewis.com |

---

[1] For reasons unrelated to the March 23 Order, the Republic's counsel in the OIEG actions (1:19-mc-00290 and 1:19-cv-00290) has informed the Republic that it intends to withdraw from those actions.

11

| | |
|---|---|
| *Attorneys for Petróleos de Venezuela, S.A.* | SEQUOR LAW, P.A.<br>Edward H. Davis, Jr. (*pro hac vice*)<br>Fernando J. Menendez (*pro hac vice*)<br>111 Brickell Ave., Suite 1250<br>Miami, FL 33131<br>Telephone: 305-372-8282<br>Facsimile: 305-372-8202<br>edavis@sequorlaw.com<br>fmenendez@sequorlaw.com<br><br>*Attorneys for OI European Group B.V.* |
| ABRAMS & BAYLISS LLP<br><br>By: <u>/s/ A. Thompson Bayliss</u><br>A. Thompson Bayliss (#4379)<br>Stephen C. Childs (#6711)<br>20 Montchanin Road, Suite 200<br>Wilmington, DE  19807<br>Telephone: 302-778-1000<br>bayliss@abramsbayliss.com<br>childs@abramsbayliss.com<br><br>SULLIVAN & CROMWELL LLP<br>Sergio J. Galvis<br>Joseph E. Neuhaus (*pro hac vice*)<br>James L. Bromley (*pro hac vice*)<br>125 Broad Street<br>New York, New York 10004<br>Telephone: 212-558-4000<br>Facsimile: 212-558-3588<br>galvis@sullcrom.com<br>neuhausj@sullcrom.com<br>bromleyj@sullcrom.com<br><br>*Attorneys for the Bolivarian Republic of Venezuela* | PACHULSKI STANG ZIEHL & JONES, LLP<br><br>By: <u>/s/ Laura Davis Jones</u><br>Laura Davis Jones (#2436)<br>Peter J. Keane (#5503)<br>919 North Market Street, Suite 1600<br>P.O. Box 8705<br>Wilmington, DE 19899-8705<br>Telephone: 302-652-4100<br>ljones@pszjlaw.com<br>pkeane@pszjlaw.com<br><br><br>ALSTON & BIRD LLP<br>Alexander A. Yanos (*pro hac vice*)<br>Rajat Rana (*pro hac vice*)<br>Robert Poole (*pro hac vice*)<br>90 Park Avenue, 15th Floor<br>New York, NY 10016-1387<br>Telephone: 212-210-9400<br>alex.yanos@alston.com<br>rajat.rana@alston.com<br>robert.poole@alston.com<br><br>*Attorneys for: (i) Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc. and now known as Huntington Ingalls Incorporated, and (ii) Koch Minerals Sàrl and Koch Nitrogen International Sàrl* |

| | |
|---|---|
| DLA Piper LLP (US)<br><br>By: /s/ Craig Martin<br>R. Craig Martin (#005032)<br>1201 North Market Street<br>Suite 2100<br>Wilmington, DE 19801<br>Telephone: 302-468-5655<br>Fax: 302-778-7834<br>craig.martin@us.dlapiper.com<br><br> - and -<br><br>James E. Berger<br>Charlene C. Sun<br>Joshua S. Wan<br><br>1251 Avenue of the Americas<br>New York, NY 10020<br>Telephone: 212-335-4715<br>Fax: 212-884-8715<br>James.berger@us.dlapiper.com<br>Charlene.sun@us.dlapiper.com<br>Joshua.wan@us.dlapiper.com<br><br>*Attorneys for Rusoro Mining Limited* | ASHBY & GEDDES<br><br>By: /s/ Marie M. Degnan<br>Marie M. Degnan (#5602)<br>500 Delaware Ave., 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Telephone: 302-654-1888<br>mdegnan@ashbygeddes.com<br><br>RILEY & JACOBSON, PLC<br>Joshua S. Bolian<br>1906 West End Avenue<br>Nashville, Tennessee 37203<br>Telephone: 615-320-3700<br>jbolian@rjfirm.com<br><br>*Attorneys for ACL1 Investments Ltd., ACL2 Investments Ltd. and LDO (Cayman) XVIII Ltd.* |
| WOMBLE BOND DICKINSON (US) LLP<br><br>By: /s/ Matthew P. Ward<br>Kevin J. Mangan (#3810)<br>Matthew P. Ward (#4471)<br>Stephanie S. Riley (#5803)<br>1313 N. Market St., Suite 1200<br>Wilmington, DE 19801<br>Telephone: 302-252-4320<br>Kevein.mangan@wbd-us.com<br>Matthew.ward@wbd-us.com<br>Stephanie.riley@wbd-us.com<br><br><br>NORTON ROSE FULBRIGHT US LLP<br>Matthew H. Kirtland (*pro hac vice*)<br>799 9th Street NW, Suite 1000<br>Washington, DC 20001<br>Telephone: 202-662-0200<br>Matthew.kirtland@nortonrosefulbright.com | |

LEGAL02/42789461v4<br>45778863

| | |
|---|---|
| - and - <br><br> Katherine G. Connolly (*pro hac vice*) <br> 555 California Street, Suite 3300 <br> San Francisco, CA 94101 <br> Telephone: 628-231-6816 <br> Katie.connolly@nortonrosefulbright.com <br><br> *Attorneys for Gold Reserve Inc.* | |