# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OI EUROPEAN GROUP B.V.,<br><br>       Plaintiff,<br><br>   v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>       Defendant. | Misc. No. 19-290-LPS |
| NORTHROP GRUMMAN SHIP SYSTEMS, INC.,<br><br>       Plaintiff,<br><br>   v.<br><br>THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA,<br><br>       Defendant. | Misc. No. 20-257-LPS |
| ACL1 INVESTMENTS LTD., ACL2 INVESTMENTS LTD., and LDO (CAYMAN) XVIII LTD.,<br><br>       Plaintiff,<br><br>   v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>       Defendant. | Misc. No. 21-46-LPS |
| RUSORO MINING LIMITED,<br><br>       Plaintiff,<br><br>   v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>       Defendant. | Misc. No. 21-481-LPS |

1

| | |
|---|---|
| KOCH MINERALS SÀRL, KOCH NITROGEN INTERNATIONAL SÀRL,<br><br>    Plaintiff,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Misc. No. 22-mc-156-LPS |
| GOLD RESERVE INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Misc. No. 22-mc-453-LPS |

## **MEMORANDUM ORDER**

Pending before the Court are PDVSA's motions[1] (Misc. No. 19-290 D.I. 136; Misc. No. 20-257 D.I. 84; Misc. No. 21-46 D.I. 61; Misc. No. 21-481 D.I. 49; Misc. No. 22-156 D.I. 24; Misc. No. 22-453 D.I. 30) for an order recognizing that this Court has been divested of jurisdiction to proceed in these actions now that PDVSA appealed to the Third Circuit (*see, e.g.*, Misc. No. 19-290 D.I. 139 (notice of docketing of appeal); Misc. No. 20-257 D.I. 86 (same); Misc. No. 21-46 D.I. 63 (same); Misc. No. 21-481 D.I. 51 (same); Misc. No. 22-156 D.I. 26 (same); Misc. No. 22-453 D.I. 32 (same)) or, alternatively, for a discretionary stay pending the Third Circuit's resolution of the interlocutory appeals.[2] The Court has received and reviewed the

---

[1] As used in this memorandum order, capitalized but undefined terms have the same meaning ascribed to them in the Sale Procedures Order. (*See* Misc. No. 17-151 D.I. 481)

[2] PDVSA filed the same motion and briefing in all six actions. For simplicity, the Court will cite to only the motion (Misc. No. 19-290 D.I. 136) and reply brief (Misc. No. 19-290 D.I. 141) docketed in Misc. No. 19-290.

2

briefing filed in connection with the motions. (*See* Misc. No. 19-290 D.I. 136, 140, 141; Misc. No. 20-257 D.I. 84, 87, 88; Misc. No. 21-46 D.I. 61, 64, 65; Misc. No. 21-481 D.I. 49, 52, 53; Misc. No. 22-156 D.I. 24, 27, 28; Misc. No. 22-453 D.I. 30, 33, 34) Having done so, and for the reasons stated below, the motions are **DENIED**.

1. PDVSA first contends that the Court has been divested of jurisdiction to proceed any further in these actions, as the Court's orders are immediately appealable under the collateral order doctrine. (*See* Misc. No. 19-290 D.I. 136 at 5-7) The Court disagrees.

It is true that "[a] district court's denial of a foreign state's motion to dismiss on grounds of sovereign immunity is immediately appealable." *Princz v. Fed. Republic of Germany*, 998 F.2d 1, 1 (D.C. Cir. 1993); *see also Fed. Ins. Co. v. Richard I. Rubin & Co.*, 12 F.3d 1270, 1281-82 (3d Cir. 1993). Moreover, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *see also United States v. Pawlowski*, 967 F.3d 327, 329 n.4 (3d Cir. 2020) (quoting *Griggs*, 459 U.S. at 58). However, "the mere pendency of an appeal does not, in itself, disturb the finality of a judgment. The district court has jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded." *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987) (internal citation, quotation marks, and alteration omitted).

Accordingly, as the Court explained *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, 2018 WL 4026738, at *1 (D. Del. Aug. 23, 2018), "[w]hile PDVSA is correct that the Court no longer retains jurisdiction over the issues on appeal . . . the Court retains authority to enforce the judgment that is currently on appeal." In so ruling, the Court rejected

3

PDVSA's position that its filing of a Notice of Appeal of the Court's order "denying PDVSA's cross-motion to dismiss for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act . . . divested this Court of jurisdiction to take any further action with respect to issuance or enforcement of the writ of attachment against PDVSA's shares in PDVH . . . ." (Misc. No. 17-151 D.I. 86 at 6; *see also id.* D.I. 86 at 6-8)

PDVSA points to no intervening authority in this Circuit compelling a different conclusion. The additional cases it cites (*see, e.g.*, Misc. No. 19-290 D.I. 136 at 5; *id.* D.I. 141 at 4) – including *Azima v. Rak Investment Authority*, 2018 WL 7982473, at *1 (D.D.C. Nov. 5, 2018) – do not undermine this Court's prior analysis. In *Azima*, then-Judge Ketanji Brown Jackson made clear that "a district court may, in specific contexts, retain jurisdiction over certain **unrelated** issues," and quoted *Apostol v. Gallion*, 870 F.2d 1335, 1337 (7th Cir. 1989) for the proposition that "it is easy to imagine two courts having jurisdiction to proceed at once." 2018 WL 7982473, at *2 (emphasis added). Here, the issues (if any) likely to arise in these actions during the pendency of the appeals (e.g., whether these creditors' judgments should be made Additional Judgments under the *Crystallex* Sale Procedures Order) are unrelated to the issues on appeal (e.g., whether PDVSA is the alter ego of the Republic of Venezuela).[3]

2. Alternatively, PDVSA asks the Court to enter a discretionary stay pending the resolution of PDVSA's appeals in all six captioned actions. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its

---

[3] Even PDVSA's principal authority, *Princz*, 998 F.2d at 1, explains that an appeal predicated on sovereign immunity only "divests the district court of control over those aspects of the case on appeal" and prohibits the Court from "proceed[ing] to trial until the appeal is resolved." This Court's decision today is consistent with *Princz*, as the Court contemplates only proceeding (if even necessary) with aspects of the case that are **not** on appeal and will **not** be proceeding to trial.

docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). To determine whether PDVSA should be granted a stay pending the Third Circuit's resolution of its appeals, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009). The first two factors are the "'most critical.'" *In re Citizens Bank, N.A.*, 15 F.4th 607, 616 (3d Cir. 2021) (quoting *Nken*, 556 U.S. at 434). "However, if the movant does not make the requisite showings on either of these [first] two factors, the [] inquiry into the balance of harms [and the public interest] is unnecessary, and the stay should be denied without further analysis." *In re Revel AC, Inc.*, 802 F.3d 558, 571 (3d Cir. 2015) (alterations in original).

        3.        PDVSA contends it is likely to succeed on the merits, largely due to purported changes in the relationship between the Venezuelan government and PDVSA since 2018, contrary to what it contends are this Court's clearly erroneous fact findings. (Misc. No. 19-290 D.I. 136 at 8-9; *see also id.* D.I. 141 at 8-9) "[A] sufficient degree of success for a strong showing exists if there is 'a reasonable chance, or probability, of winning.'" *In re Revel AC, Inc.*, 802 F.3d at 568-69 (quoting *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc)). PDVSA has not shown that it has a reasonable chance of succeeding on the merits or even that it has raised a serious question with respect to the merits.

        PDVSA takes issue with, at most, two findings of fact (*see* Misc. No. 19-290 D.I. 136 at 9), applicable only in the *OIEG* and *Huntington* Actions, which the Court included in its March

5

23, 2023 Opinion (*see, e.g.*, Misc. No. 19-290 D.I. 131 ¶¶ 83, 84),[4] which was docketed in only four of the six cases in which it seeks a stay. While PDVSA does not need to show that more likely than not it will prevail on appeal, *see In re Revel AC, Inc.*, 802 F.3d at 569, its odds must be "better than negligible," *Nken*, 556 U.S. at 434. Having focused its attack so narrowly on two findings of fact, and having essentially ignored the Court's numerous other findings (*see, e.g.*, Misc. No. 19-290 D.I. 131 ¶¶ 78-82, 85-92), PDVSA has failed to show anything more than a negligible chance of prevailing on appeal. Moreover, the Court specifically addressed the impact of the governmental changes PDVSA now highlights in its March 23, 2023 Opinion. (*See, e.g.*, Misc. No. 19-290 D.I. 131 ¶¶ 61-77) Nothing about the issues PDVSA intends to present to the Third Circuit, including their novelty, suggests to the Court that PDVSA will persuade the Third Circuit to disagree with this Court. Therefore, the success on the merits factor favors denying the motions to stay proceedings.

4. PDVSA has also failed to show that it will suffer irreparable harm in the absence of a stay pending appeal. PDVSA contends that if the judgments at issue in the six captioned actions were to become "Additional Judgments" under the *Crystallex* Sale Procedures Order (*see* Misc. No. 17-151 D.I. 481 ¶ 15) it could lose additional shares of PDVH, as the Special Master might sell more shares than are necessary to satisfy Crystallex's judgment. (Misc. No. 19-290 D.I. 136 at 10-11) PDVSA also insists it will be irreparably harmed by "the infringement on [its] sovereign immunity in and of itself." (*Id*. D.I. 141 at 10-11)

A stay "applicant must 'demonstrate that irreparable injury is *likely* [not merely possible] in the absence of [a] [stay].'" *In re Revel AC, Inc.*, 802 F.3d at 569 (quoting *Winter v. Nat. Res.*

---

[4] For convenience, the Court only cites to the Opinion (Misc. No. 19-290 D.I. 131) docketed in Misc. No. 19-290.

*Def. Council, Inc.*, 555 U.S. 7, 22 (2008)) (alterations and italicized emphasis in original). Irreparable harm is likely where it is "more apt to occur than not." *Id.* at 569 (citing *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 788 (7th Cir. 2011) (explaining that irreparable harm is likely where there is "more than a mere possibility that the harm will come to pass" but "the alleged harm need not be occurring or be certain to occur before a court may grant relief")).

PDVSA's portended harms are speculative. As all parties understand, and as the Court has previously had occasion to state, "no sale of the property will close unless and until there is an OFAC license. So any harm from actual execution does not weigh into the calculation." (Misc. No. 17-151 D.I. 257 at 6-7) As PDVSA well knows, if the Special Master makes a recommendation that the sale procedures go forward, and if he makes a recommendation that a particular bid be accepted, PDVSA (like its related Venezuela Parties) will have notice and an opportunity to be heard. These are not bases to halt the proceedings but, instead, for PDVSA (and the other Venezuela Parties) to continue to present their views.

Further, the burden on a foreign sovereign of defending a lawsuit is not itself necessarily sufficient to constitute irreparable harm. *See Kurd v. Republic of Turkey*, -- F. Supp. 3d --, 2022 WL 4379032, at *3-4 (D.D.C. Sept. 21, 2022) (deciding that Turkey would not suffer irreparable harm by being forced to defend lawsuit). In addition, as this is a post-judgment enforcement proceeding, PDVSA's sovereign interest in avoiding the burden of litigation is at least slightly reduced. *See generally Fed. Ins. Co.*, 12 F.3d at 1281-82 ("At the post-trial stage . . . the [sovereign entities] will have been forced to endure the very burden they are arguing they should not be subjected to in the first place – a trial on the merits."). Moreover, the Venezuela Parties can avoid this entire process by simply paying their debts. Accordingly, the irreparable harm factor weighs against the stays requested by PDVSA.

7

5. In the interest of completeness, the Court addresses the final two factors. As for harm to other parties, PDVSA argues that because none of the creditors in these six actions have a writ of attachment, any injury to these creditors' interests is speculative, and, in any event, the accrual of post-judgment interest is sufficient to protect their interests. (Misc. No. 19-290 D.I. 136 at 11-12; *id.* D.I. 141 at 11-12) The Court disagrees. A stay could result in delay in the issuance and service of the creditors' writs of attachment and it could eliminate any opportunity for them to seek to participate in the *Crystallex* sale process, should that process move forward. (*See, e.g.*, Misc. No. 19-290 D.I. 140 at 10-11) In addition, as time passes, PDVSA and Venezuela may be able to shield their assets, rendering recovery increasingly difficult. (*See, e.g.*, Misc. No. 21-481 D.I. 52 at 11) Finally, the public interest "favor[s] enforcement of [the creditors'] judgment[s]." (Misc. No. 17-151 D.I. 257 at 7; *see also State Farm Mut. Auto. Ins. Co. v. Am. Rehab & Physical Therapy, Inc.*, 376 F. App'x 182, 184 (3d Cir. 2010) ("The public has an interest in the enforcement of judgments.")) The Court remains of the view that the OFAC sanctions regime adequately protects any interest the U.S. government may have that is impacted by these proceedings, notwithstanding PDVSA's (possibly outdated) arguments to the contrary. (*See, e.g.*, Misc. No. 19-290 D.I. 136 at 12; *id.* D.I. 141 at 12; Misc. No. 17-151 D.I. 257 at 7 ("I think the interest[s] stated by the United States are protected in the OFAC process. . . . But the public also has an interest at this time in this case that the judicial system do its job and enforce the judgment that has been recognized . . . .")) In sum, these two factors further counsel that the Court should deny the motions to stay.

                                                                                          */s/ Leonard P. Stark*

April 28, 2023  
Wilmington, Delaware  
                                   HONORABLE LEONARD P. STARK  
                                   UNITED STATES DISTRICT COURT