

300 Delaware Avenue • Suite 200 • Wilmington, Delaware 19801
Tel: (302) 472.7300 • Fax: (302) 472.7320 • www.hegh.law

DD:    (302) 472-7315
Email:   shirzel@hegh.law

June 23, 2023

**VIA ECF**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

      Re:    *OI European Group BV, et al. v. Bolivarian Republic of Venezuela, et al.*, No. 19-mc-0290, No. 20-mc-0257, No. 21-mc-0046, No. 21-mc-0481, No. 22-mc-0156, No. 22-mc-0453: Subsequent Authority

Dear Judge Stark:

      Pursuant to Local Rule 7.1.2(b), PDVSA writes to advise the Court of a new decision issued by the U.S. Supreme Court this morning in *Coinbase, Inc. v. Bielski*, No. 22-105, 2023 U.S. LEXIS 2636 (June 23, 2023), which confirms PDVSA's position that this Court is automatically divested of jurisdiction to proceed against PDVSA or its property with respect to the plaintiffs in the six cases referenced above (the "Appealed Cases") pending PDVSA's interlocutory appeals from the denial of its sovereign immunity under the Foreign Sovereign Immunities Act (FSIA). For the Court's convenience, we are also filing this letter in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-0151.

      In *Coinbase*, the issue was whether a district court must stay litigation pending an interlocutory appeal from the denial of a motion to compel arbitration. 2023 U.S. LEXIS 2636, at *5. In answering yes, the Court invoked the "longstanding tenet of American procedure" that an interlocutory appeal "'divests the district court of its control over those aspects of the case involved in the appeal.'" *Id.* at *7 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U. S. 56, 58 (1982)). The Court reasoned that, because "the question of whether 'the case should be litigated in the district court . . . is the mirror image of the question presented on appeal,'" *id.* at *8 (citation omitted), "the entire case is essentially 'involved in the appeal'" and therefore "*Griggs* dictates that the district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing," *id.* The Court noted approvingly that this rule has been applied in others contexts as well, including qualified immunity. *Id.* at *15. The Court further emphasized that the contrary rule would "largely nullif[y]" the "right to an interlocutory appeal" because the right not to litigate



The Honorable Leonard P. Stark
June 23, 2023
Page 2

"would be irretrievably lost," and it would also risk "wast[ing] scarce judicial resources" if a district court plowed ahead "only for the court of appeals to []reverse." *Id.* at *10-11.

As previously explained by PDVSA, the *Griggs* principle has been consistently applied to interlocutory appeals from the denial of sovereign immunity under the FSIA. No court other than this Court has ever rejected this "well settled" rule in favor of forcing a foreign state or its instrumentality to continue defending an action while its appeal from the denial of its sovereign immunity is ongoing. *Id*. at *7. This Court should thus immediately recognize, consistent with *Coinbase*, that any further actions with respect to the plaintiffs in the Appealed Cases, including these plaintiffs' efforts to participate in and have their judgments added to the sale process in the *Crystallex* case, must stop during the pendency of PDVSA's appeals.

Respectfully submitted,

*/s/ Samuel T. Hirzel*

Samuel T. Hirzel (# 4415)

STH/cmw
cc: All Counsel of Record (via ECF)